Marianne Dugan (OSB # 932563)
Internet e-mail address mdugan@mdugan.com
259 E. 5th Ave., Suite 200-D
Eugene, OR 97401
(541) 338-7072
Fax no. 866-650-5213
        Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CHIXAPKAID DONALD MICHAEL PAVEL, | No. 6:16-CV-00819 |
| Plaintiff, | FIRST AMENDED COMPLAINT |
| v. | (Procedural and Substantive Due Process; First Amendment Retaliation; Racial and Gender Discrimination) |
| UNIVERSITY OF OREGON; DOUG BLANDY; PENELOPE DAUGHERTY; ANNIE BENTZ; RANDY KAMPHAUS; JULIET A. BAXTER; JANNE UNDERRINER; JASON YOUNKER; and BRIAN KLOPOTEK, | |
| Defendants. | DEMAND FOR JURY TRIAL |

**JURISDICTION AND VENUE**

1.      This is a civil action for damages for procedural and due process violations and First Amendment retaliation brought under 42 U.S.C. 1983; and racial discrimination wrongful discharge brought under both Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e ("Title VII") and under 42 U.S.C. 1983; and gender discrimination, brought under Title VII.

PAGE 1 - FIRST AMENDED COMPLAINT

2.  Jurisdiction exists under 28 U.S.C. 1331 because this action arises under the laws of the United States.

3.  Venue is proper in this judicial district pursuant to the provisions of 28 U.S.C. 1391(b) in that this is a civil action wherein jurisdiction is not founded on diversity of citizenship and plaintiff's claims arise within this judicial district.

**PARTIES**

4.  Plaintiff Dr. CHIXapkaid Pavel (Donald Michael Pavel) was a tenured full professor at the University of Oregon, from September 16, 2010, until January 16, 2015.

5.  Plaintiff is Native American, and as such is a member of a class protected under Title VII and 42 U.S.C. 1981.

6.  Defendant University of Oregon ("University") is and was at all material times an Oregon public entity authorized to do business and doing business in Lane County, Oregon, and was plaintiff's employer.

7.  Defendant Doug Blandy was at all material times the University's Senior Vice Provost for Academic Affairs, who issued the termination decision to plaintiff.

8.  Defendant Penelope Daugherty was at all material times the Director of the University's Office of Affirmative Action & Equal Opportunity, and her actions and inactions as described herein helped bring about the decisions which plaintiff's superiors made as described herein. Specifically, she helped conduct the investigation that led to plaintiff's termination, the flaws in which are described more fully herein.

9.  Defendant Annie Bentz was at all material times the University's Senior Employee Relations Coordinator for Human Resources, and her actions and inactions as

described herein helped bring about the decisions which plaintiff's superiors made as described herein.  Specifically, she helped conduct the investigation that led to plaintiff's termination, the flaws in which are described more fully herein.

10.     Defendant Randy Kamphaus was at all material times the University's Dean of the College of Education, and he helped make the decision to terminate plaintiff, and/or his actions and inactions as described herein helped bring about the decisions which plaintiff's superiors made as described herein.  Specifically, he contributed materially to the investigation that led to plaintiff's termination, the flaws in which are described more fully herein.

11.     Defendant Juliet A. Baxter was at all material times the University's Department Head for the Educational Studies Department, and she helped make the decision to terminate plaintiff, and/or her actions and inactions as described herein helped bring about the decisions which plaintiff's superiors made as described herein.  Specifically, she contributed materially to the investigation that led to plaintiff's termination, the flaws in which are described more fully herein.

12.     Defendant Janne Underriner was at all material times the University's Director of the Northwest Indian Language Institute, and her actions and inactions as described herein helped bring about the decisions which plaintiff's superiors made as described herein. Specifically, she retaliated against plaintiff for not supporting her opinions and positions at the University; and she contributed materially to the investigation that led to plaintiff's termination, the flaws in which are described more fully herein.

13.     Defendant Jason Younker was at all material times the University's Assistant Vice President and Advisor to the President on Sovereignty and Government to Government

PAGE 3 - FIRST AMENDED COMPLAINT

Relations, and his actions and inactions as described herein helped bring about the decisions which plaintiff's superiors made as described herein.  Specifically, he was one of the first people contacted during the Affirmative Action investigation and pushed for harsh treatment of plaintiff, retaliating against plaintiff due at least in part to plaintiff's statements in opposition to the firing of the person Younker replaced.

14.     Defendant Brian Klopotek was at all material times a Professor of Ethnic Studies at the University, and his actions and inactions as described herein helped bring about the decisions which plaintiff's superiors made as described herein.  Specifically, Klopotek, who had seniority over plaintiff, was openly hostile towards plaintiff and resentful of plaintiff's visibility and stature at the University; Klopotek was instrumental in advancing widespread accusations and pushing for the Affirmative Action Office to conduct an over-reaching investigation.

15.     As described more fully herein, the University released to the news media information about the investigation about plaintiff that is described herein.

16.     The following allegations are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery:  One or more of the individual defendants participated in making the decision to release to the news media the information about the investigation of plaintiff.

17.     The actions and omissions alleged in this complaint were taken by employees, officers, and/or agents of the University, within the scope of the authority of those employees, officers, and/or agents.

//////

//////

# FIRST CLAIM FOR RELIEF
## Violation of Constitutional Right to Procedural Due Process
## 42 U.S.C. 1983, Fourteenth Amendment to the U.S. Constitution
## Individual Defendants

18. The foregoing paragraphs are incorporated herein by reference.

19. At all relevant times, the individual defendants were acting under color of law.

20. At all times relevant to this complaint, plaintiff had a clearly established constitutional right, guaranteed to him by the Fourteenth Amendment to the U.S. Constitution, not to be deprived by the government of his property and liberty interests without due process.

21. Each of the individual defendants deprived plaintiff of his constitutional procedural due process rights, in one or more of the following ways:

   a. The defendants never gave plaintiff forewarning or foreknowledge of the possible or probable disciplinary consequences of his conduct; and never stated what conduct would lead to discipline;

   b. Before administering discipline, defendants did not make a reasonable effort to discover whether plaintiff did in fact violate or disobey any University rule or order, and indeed plaintiff did not do so;

   c. The defendants' investigation was not conducted fairly and objectively;

   d. There was no substantial evidence or proof that plaintiff was guilty of the vague charges;

   e. Defendants did not apply the University's rules, orders, and penalties evenhandedly and without discrimination;

   f. The degree of discipline was not reasonably related to (a) the seriousness of the employee's proven offense and (b) the record of the employee in his service with

PAGE 5 - FIRST AMENDED COMPLAINT

      the employer; defendants unreasonably skipped over lesser disciplinary steps and immediately imposed the maximum discipline of termination.

    g.    The investigation went beyond the mandatory deadline;

    h.    Plaintiff was given no opportunity to learn of the specific allegations against him and to present rebuttal to those allegations;

    i.    Defendants made a concerted effort to drum up allegations regarding older alleged instances of misconduct by plaintiff, despite having chosen not to address those alleged events at the time they occurred; and then presented those prior alleged events to falsely misrepresent that there had been an established pattern of misconduct;

    j.    Defendants similarly concocted and created a paper trail presenting a false picture of plaintiff having been advised previously he would face discipline if he did not avoid certain behaviors;

    k.    After its investigation lasting over two months, defendants gave plaintiff only two business days (Friday January 16 to Tuesday, January 20, 2015) to provide a written statement challenging its termination action and to provide any additional evidence plaintiff believed was relevant to its action;

    l.    Information plaintiff and his union requested was not provided to him.

    22.    As a direct and proximate result of the acts and omissions of defendants, plaintiff has suffered and sustained damages, continues to suffer and sustain damages, and in the future will suffer and sustain damages, in amounts to be proven at trial, including loss of past wages and other income; loss of future earning capacity; mental anguish, emotional distress,

PAGE 6 - FIRST AMENDED COMPLAINT

depression, stress, anxiety, and humiliation.

23. The acts and omissions of defendants were wilful and wanton or otherwise in reckless disregard of plaintiff's rights. Punitive damages should be awarded to plaintiff and assessed against each of the defendants to punish defendants for their acts and omissions and to deter defendants and others from engaging in such conduct in the future.

24. Plaintiff is entitled to his attorney's fees, expert fees, and costs pursuant to 42 U.S.C. 1988.

25. Plaintiff is entitled to a jury trial.

## SECOND CLAIM FOR RELIEF
### Substantive Due Process Violation
### 42 U.S.C. 1983, Fourteenth Amendment to the U.S. Constitution
### Individual Defendants

26. Plaintiff realleges the allegations in the preceding paragraphs and incorporates them by reference as if fully set forth herein.

27. Defendants made false and defamatory public statements about plaintiff, falsely stating that he had sexually harassed a student, in conjunction with depriving plaintiff of his liberty and property interest in his job and his good name.

28. Defendants failed to provide a name-clearing hearing to plaintiff, thereby making the substantive due process violation irreparable except by money damages.

29. Defendants acted under the color of law when they made and allowed false and defamatory public statements about plaintiff, in conjunction with depriving plaintiff of his liberty and property interest in his job and his good name, without an opportunity for name-clearing hearing.

30. As a direct and proximate result of the acts and omissions of defendants, plaintiff

has suffered and sustained damages, continues to suffer and sustain damages, and in the future will suffer and sustain damages, in amounts to be proven at trial, including harm to his reputation and good name; loss of past wages and other income; loss of future earning capacity; mental anguish, emotional distress, depression, stress, anxiety, and humiliation.

31. The acts and omissions of defendants were wilful and wanton or otherwise in reckless disregard of plaintiff's rights. Punitive damages should be awarded to plaintiff and assessed against each of the defendants to punish defendants for their acts and omissions and to deter defendants and others from engaging in such conduct in the future.

32. Plaintiff is entitled to recover his reasonable attorney fees, costs and disbursements incurred herein pursuant to ORS 659A.885.

33. Plaintiff is entitled to a jury trial.

### THIRD CLAIM FOR RELIEF
### First Amendment Retaliation
### 42 U.S.C. 1983
### Individual Defendants

34. Plaintiff realleges the allegations in the preceding paragraphs and incorporates them by reference as if fully set forth herein.

35. Plaintiff made statements in opposition to the firing of the person defendant Younker replaced.

36. Plaintiff's speech was on matters of public concern.

37. Plaintiff spoke as a private citizen and not as a public employee.

38. Plaintiff's protected speech was a substantial or motivating factor in the adverse employment actions alleged herein.

39. By their actions and omissions as described herein, each of the defendants, under

color of law, subjected plaintiff to the deprivation of rights, privileges, or immunities secured by the Constitution and laws, by retaliating against plaintiff as alleged herein because he exercised his constitutional right of free speech guaranteed by the First and Fourteenth Amendments to the United States Constitution.

40. As a direct and proximate result of the acts and omissions of defendants, plaintiff has suffered and sustained damages, continues to suffer and sustain damages, and in the future will suffer and sustain damages, in amounts to be proven at trial, including loss of past wages and other income; loss of future earning capacity; mental anguish, emotional distress, depression, stress, anxiety, and humiliation.

41. The acts and omissions of defendants were wilful and wanton or otherwise in reckless disregard of plaintiff's rights.  Punitive damages should be awarded to plaintiff and assessed against each of the defendants to punish defendants for their acts and omissions and to deter defendants and others from engaging in such conduct in the future.

42. Plaintiff has been required to retain attorneys to prosecute this action and plaintiff is entitled to recover his attorney fees and reasonable costs incurred herein pursuant to 42 U.S.C. 1988.

43. Plaintiff is entitled to a jury trial.

### FOURTH CLAIM FOR RELIEF
### Adverse Employment Action (Termination)

#### Count 1
#### Racial Discrimination – 42 U.S.C. 1983 (individual defendants)

44. Plaintiff adopts by reference the allegations in the foregoing paragraphs.

45. At all material times, plaintiff was performing his job in a satisfactory manner.

PAGE 9 - FIRST AMENDED COMPLAINT

46.     Defendant University of Oregon terminated plaintiff's employment on January 16, 2015, an adverse employment decision.

47.     In terminating plaintiff's employment, defendants treated plaintiff differently from similarly situated employees who are not members of a racial minority.

48.     Defendants displayed discriminatory animus towards plaintiff.

49.     The acts and omissions set forth in this complaint were intentional and discriminatory because of plaintiff's race.

50.     42 U.S.C. 1981 prohibits discrimination on the basis of race.

51.     By violating 42 U.S.C. 1981, the acts and omissions of defendants violated the civil rights of plaintiff under 42 U.S.C. 1983.

52.     As a direct and proximate result of the acts and omissions of defendants, plaintiff has suffered and sustained damages, continues to suffer and sustain damages, and in the future will suffer and sustain damages, in amounts to be proven at trial, including loss of past wages and other income; loss of future earning capacity; mental anguish, emotional distress, depression, stress, anxiety, and humiliation.

53.     Plaintiff has not found employment, entitling him to economic damages for front pay in an amount to be proved at trial.

54.     The acts and omissions of defendants were wilful and wanton or otherwise in reckless disregard of plaintiff's rights.  Punitive damages should be awarded to plaintiff and assessed against each of the defendants to punish defendants for their acts and omissions and to deter defendants and others from engaging in such conduct in the future.

55.     Plaintiff is entitled to an award of reasonable attorney fees and costs pursuant to

PAGE 10 - FIRST AMENDED COMPLAINT

42 U.S.C. 1988.

56.   Plaintiff is entitled to a jury trial.

## Count 2

### Title VII (Racial Discrimination) - Defendant University of Oregon

57.   Plaintiff adopts by reference the allegations in the foregoing paragraphs.

58.   At all material times, plaintiff was performing his job in a satisfactory manner.

59.   Defendant University of Oregon terminated plaintiff's employment on January 16, 2015, an adverse employment decision.

60.   In terminating plaintiff, defendant University treated plaintiff differently from similarly situated employees who are not members of a racial minority.

61.   The acts and omissions set forth in this complaint were intentional and discriminatory because of plaintiff's race.

62.   The acts and omissions of defendant University violated the civil rights of plaintiff under Title VII.

63.   As a direct and proximate result of the acts and omissions of defendant University plaintiff has suffered and sustained damages, continues to suffer and sustain damages, and in the future will suffer and sustain damages, in amounts to be proven at trial, including loss of past wages and other income; loss of future earning capacity; mental anguish, emotional distress, depression, stress, anxiety, and humiliation.

64.   Plaintiff is entitled to an award of reasonable attorney fees and costs pursuant to 42 U.S.C. 2000e-5(k).

65.   Plaintiff is entitled to a jury trial.

PAGE 11 - FIRST AMENDED COMPLAINT

## FIFTH CLAIM FOR RELIEF
### Title VII (Gender Discrimination)
### Adverse Employment Action (Termination)
### Defendant University of Oregon

66.     Plaintiff adopts by reference the allegations in the foregoing paragraphs.

67.     At all material times, plaintiff was performing his job in a satisfactory manner.

68.     Defendant University of Oregon terminated plaintiff's employment on January 16, 2015, an adverse employment decision.

69.     In terminating plaintiff, defendant University treated plaintiff differently from similarly situated female employees.

70.     The acts and omissions set forth in this complaint were intentional and discriminatory because of plaintiff's gender.

71.     The acts and omissions of defendant University violated the civil rights of plaintiff under Title VII.

72.     As a direct and proximate result of the acts and omissions of defendant University plaintiff has suffered and sustained damages, continues to suffer and sustain damages, and in the future will suffer and sustain damages, in amounts to be proven at trial, including loss of past wages and other income; loss of future earning capacity; mental anguish, emotional distress, depression, stress, anxiety, and humiliation.

73.     Plaintiff is entitled to an award of reasonable attorney fees and costs pursuant to 42 U.S.C. 2000e-5(k).

74.     Plaintiff is entitled to a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests a jury trial and demands judgment in his favor and

against defendants for the relief sought herein; his reasonable costs and attorney fees; and for any other relief deemed appropriate by the court.

Respectfully submitted July 28, 2016.

    /s/   Marianne Dugan
Marianne Dugan, OSB # 932563
Attorney for Plaintiff
259 E. 5th Ave., Ste 200-D
Eugene, Oregon 97401
(541) 338-7072