**Amanda M. Walkup, OSB 934508**
awalkup@hershnerhunter.com
**Alexandra P. Hilsher, OSB 114218**
ahilsher@hershnerhunter.com
Hershner Hunter, LLP
180 East 11th Avenue
P.O. Box 1475
Eugene, OR 97440
Telephone: (541) 686-8511
Facsimile: (541) 344-2025

**Of Attorneys for Defendants**

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DISTRICT

| | |
|---|---|
| **CHIXAPKAID DONALD MICHAEL PAVEL**; | Case No. 6:16-CV-00819-AA |
| Plaintiff, | **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES** |
| v. | |
| **UNIVERSITY OF OREGON; DOUG BLANDY; PENELOPE DAUGHERTY; ANNIE BENTZ; RANDY KAMPHAUS; JULIET A. BAXTER; JANNE UNDERRINER; JASON YOUNKER;** and **BRIAN KLOPOTEK**; | |
| Defendants. | |

In this case, Plaintiff alleges that various University of Oregon professors and administrators (the "University") unlawfully discriminated against him. For the reasons outlined in more detail below, the University denies Plaintiff's allegations. After receiving a student complaint of sexual harassment, the University investigated the complaint consistently with

Page 1 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

{01310776.DOCX}

applicable law. Based on the facts developed during that investigation, Plaintiff's employment with the University was lawfully and appropriately terminated, without regard to Plaintiff's race or gender. Accordingly, the University, Doug Blandy, Penelope Daugherty, Annie Bentz, Randy Kamphaus, Juliet A. Baxter, Janne Underriner, Jason Younker, and Brian Klopotek (collectively "Defendants") deny that they (1) deprived Plaintiff of his constitutional rights; or (2) discriminated against him because of his race or gender. Defendants, therefore, answer Plaintiff's First Amended Complaint ("Complaint") as follows:

## Responding to Allegations in the Complaint

1. In answer to paragraph 1 of Plaintiff's Complaint, Defendants deny that they violated Plaintiff's rights alleged therein and that Plaintiff is entitled to damages.

2. Defendants admit the allegations in paragraphs 2 and 3, which relate to jurisdiction and venue.

3. In answer to paragraph 4, Defendants admit that Plaintiff was a tenured full professor at the University, beginning on September 16, 2010. Defendants deny that Plaintiff was terminated on January 16, 2015. Plaintiff's employment was terminated effective January 21, 2015, following conclusion of an investigation which found that Plaintiff violated the University's sexual harassment policy by subjecting a student to unwelcome and nonconsensual contact and comments of a sexual nature.

4. In answer to paragraph 5, Defendants admit that Plaintiff self-identifies as a Native American and is, therefore, a member of a class protected under Title VII and 42 U.S.C. § 1981.

5. In answer to paragraph 6, Defendants admit that the University is a public university that is located in Lane County, Oregon, and that it employed Plaintiff.

6. In answer to paragraph 7, Defendants admit that Defendant Doug Blandy ("Blandy") was at all material times the Senior Vice Provost for Academic Affairs and that he

issued the decision to terminate Plaintiff's employment at the University following the above-referenced determination that Plaintiff violated the University's sexual harassment policy.

7.  In answer to paragraph 8, Defendants admit that Defendant Penelope Daugherty ("Daugherty") was at all material times the Director of the University's Office of Affirmative Action and Equal Opportunity and that she participated in the University's investigation of a student's complaint, initially made on November 17, 2014, that Plaintiff violated the University's sexual harassment policy by subjecting the student to unwelcome and nonconsensual contact and comments of a sexual nature (the "Harassment Investigation"). Defendants deny that the Harassment Investigation was flawed. The Harassment Investigation was conducted fairly and consistently with applicable law.

8.  In answer to paragraph 9, Defendants admit that Defendant Annie Bentz ("Bentz") was at all material times a Senior Employee Relations Coordinator for Human Resources, but deny the remaining allegations in paragraph 9.

9.  In answer to paragraph 10, Defendants admit that Defendant Randy Kamphaus ("Kamphaus") was at all material times the Dean of the University's College of Education. Defendants further admit that Kamphaus participated in the process that led to the University's decision to terminate Plaintiff's employment because Plaintiff violated the University's sexual harassment policy. Defendants deny that Kamphaus contributed materially to the Harassment Investigation and that the Harassment Investigation was flawed. The Harassment Investigation was conducted fairly and consistently with applicable law.

10. In answer to paragraph 11, Defendants admit that Defendant Juliet A. Baxter ("Baxter") was at all material times the Department Head for the University's Educational Studies Department. Defendants deny that Baxter helped make the decision to terminate Plaintiff's employment, that Baxter's actions or inactions as alleged in the Complaint contributed to the University's decision to terminate Plaintiff's employment, and that Baxter otherwise

materially participated in the Harassment Investigation. Defendants further deny that the Harassment Investigation was flawed. The Harassment Investigation was conducted fairly and consistently with applicable law.

11. In answer to paragraph 12, Defendants admit that Defendant Janne Underriner ("Underriner") was at all material times the Director of the Northwest Indian Language Institute at the University and that she was interviewed as part of the Harassment Investigation. Defendants deny that Underriner's actions or inactions as alleged in the Complaint contributed to the University's decision to terminate Plaintiff's employment, that Underriner materially contributed to the Harassment Investigation, and that Underriner retaliated against Plaintiff for not supporting her opinions or positions at the University. Defendants further deny that the Harassment Investigation was flawed. The Harassment Investigation was conducted fairly and consistently with applicable law.

12. In answer to paragraph 13, Defendants admit that Defendant Jason Younker ("Younker") was at all material times an Assistant Vice President and Advisor to the President on Sovereignty and Government to Government Relations and that he was contacted early in the Harassment Investigation. Defendants deny that Younker's actions or inactions as alleged in the Complaint contributed to the University's decision to terminate Plaintiff's employment and that he pushed for harsh treatment or retaliated against Plaintiff.

13. In answer to paragraph 14, Defendants admit that Defendant Brian Klopotek ("Klopotek") was at all material times an Associate Professor in the University's Ethnic Studies Department. Defendants deny that Klopotek's actions or inactions as alleged in the Complaint contributed to the University's decision to terminate Plaintiff, that Klopotek had seniority over Plaintiff, and that he was openly hostile toward Plaintiff or resentful of Plaintiff's alleged visibility or stature at the University. Defendants further deny that Klopotek advanced

/////

widespread accusations against Plaintiff or pushed for an overreaching investigation of Plaintiff's conduct.

14. Defendants deny the allegations in paragraphs 15 and 16, including the allegations that Defendants released information about the Harassment Investigation to the news media.

15. In answer to paragraph 17, Defendants Blandy, Daugherty, Bentz, Kamphaus, Baxter, Underriner, Younker and Klopotek (collectively the "Individual Defendants") admit that, at all material times, they were University employees acting within the scope of their employment but deny that their actions violated any of Plaintiff's constitutional and/or statutory rights. Defendants deny the remaining allegations in paragraph 17.

16. In answer to paragraph 18 of Plaintiff's Complaint, the Individual Defendants incorporate paragraphs 1 – 15 above as if fully set forth herein.

17. Individual Defendants admit the allegations contained in paragraphs 19 and 20, which relate to color of law and Plaintiff's due process rights as a tenured full professor.

18. In answer to the allegations contained in paragraphs 21 – 24, the Individual Defendants deny the allegations contained therein. Specifically, the Individual Defendants deny the allegation that Plaintiff was not aware that sexually harassing a student could lead to disciplinary action, including termination. The University has clear sexual harassment policies and Plaintiff received training on those policies. The Individual Defendants further deny Plaintiff's characterization about the Harassment Investigation. The Harassment Investigation was conducted fairly and consistently with applicable law. Plaintiff was provided notice of the allegations against him, was afforded an opportunity to respond to the allegations during the Harassment Investigation, and was given the opportunity to identify witnesses and provide evidence he felt was relevant to the Harassment Investigation, including but not limited to a written statement. Plaintiff chose not to provide a written statement. The Individual Defendants also deny the allegations that Plaintiff's termination was not warranted, given the severity of the

Plaintiff's misconduct.  Per the terms and conditions of Plaintiff's employment with the University, some conduct, including the conduct substantiated by the Harassment Investigation, warrants a substantial sanction or dismissal on the first occurrence.  Individual Defendants are entitled to an award of their attorney fees against Plaintiff pursuant to 42 U.S.C. § 1988.

19. Individual Defendants admit the allegation contained in paragraph 25, which relates to Plaintiff's right to a jury trial under 42 U.S.C. § 1983.

20. In answer to paragraph 26 of Plaintiff's Complaint, Individual Defendants incorporate paragraphs 1 – 19 above as if fully set forth herein.

21. Individual Defendants deny the allegations contained in paragraphs 27 – 32.  Specifically, Individual Defendants deny that they made false and defamatory public statements about Plaintiff and that Plaintiff was entitled to a name-clearing hearing.  Nevertheless, any statements that Plaintiff was found responsible for violating the University's policy regarding sexual harassment would have been accurate.  Further, Plaintiff did not request a name-clearing hearing, as required by law.  Individual Defendants are entitled to an award of their attorney fees against Plaintiff pursuant to 42 U.S.C. § 1988.

22. Individual Defendants admit the allegation contained in paragraph 33, which relate to Plaintiff's right to a jury trial under 42 U.S.C. § 1983.

23. In answer to paragraph 34 of Plaintiff's Complaint, Individual Defendants incorporate paragraphs 1 – 22 above as if fully set forth herein.

24. In answer to paragraph 35, Individual Defendants lack sufficient information to admit or deny Plaintiff's allegation that he made statements in opposition to the firing of a University employee, and therefore deny the same.

25. Individual Defendants deny the allegations contained in paragraphs 36 – 42.  Individual Defendants further deny that any speech by Plaintiff regarding the termination of a prior University employee was a substantial or motivating factor in Plaintiff's termination.

Plaintiff was terminated because the University determined that he violated the University's sexual harassment policy; Plaintiff's alleged speech was not considered during the Harassment Investigation nor was it considered when Plaintiff's employment was terminated. Individual Defendants are entitled to an award of their attorney fees against Plaintiff pursuant to 42 U.S.C. § 1988.

26. Individual Defendants admit the allegation contained in paragraph 43, which relates to Plaintiff's right to a jury trial under 42 U.S.C. § 1983.

27. In answer to paragraph 44 of Plaintiff's Complaint, Individual Defendants incorporate paragraphs 1 – 26 above as if fully set forth herein.

28. Individual Defendants deny the allegation contained in paragraph 45 that Plaintiff was performing his job in a satisfactory manner. As a University employee, Plaintiff was expected to comply with University policies. The University determined that Plaintiff violated the University's sexual harassment policy by subjecting a student to unwelcome and nonconsensual contact and comments of a sexual nature. Therefore, Plaintiff was not performing his job in a satisfactory manner at the time he was terminated.

29. In answer to paragraph 46, Individual Defendants deny the allegation regarding the date of Plaintiff's termination. Plaintiff's employment was terminated effective January 21, 2015, because the University determined that Plaintiff had violated the University's sexual harassment policy.

30. Individual Defendants deny the allegations contained in paragraphs 47 – 49 and 51 – 52, including those allegations that Plaintiff was treated differently because of his race. His race was not a factor in the decision to terminate his employment. Plaintiff was terminated following the Harassment Investigation because the University determined that Plaintiff had violated the University's sexual harassment policy. Paragraph 50 is a legal conclusion to which no response is required.

31.     Individual Defendants lack sufficient information to admit or deny the allegation contained in paragraph 53 that Plaintiff has not found employment and therefore deny the same.

32.     Individual Defendants deny the allegations contained in paragraphs 54 and 55. As described above, Plaintiff's employment was terminated because the University determined that he violated the University's sexual harassment policy, following an investigation that was conducted fairly and consistently with applicable law. Individual Defendants are entitled to an award of their attorney fees against Plaintiff pursuant to 42 U.S.C. § 1988.

33.     Individual Defendants admit the allegation contained in paragraph 56, which relates to Plaintiff's right to a jury trial under 42 U.S.C. § 1983.

34.     In answer to paragraph 57 of Plaintiff's Complaint, the University incorporates paragraphs 1 – 33 above as if fully set forth herein.

35.     The University denies the allegation contained in paragraph 58 that Plaintiff was performing his job in a satisfactory manner. As a University employee, Plaintiff was expected to comply with University policies. The University determined that Plaintiff violated the University's sexual harassment policy by subjecting a student to unwelcome and nonconsensual contact and comments of a sexual nature. Therefore, Plaintiff was not performing his job in a satisfactory manner at the time he was terminated.

36.     In answer to paragraph 59, the University denies the allegation regarding the date of Plaintiff's termination. Plaintiff's employment was terminated effective January 21, 2015, because the University determined that Plaintiff violated the University's sexual harassment policy.

37.     The University denies the allegations contained in paragraphs 60 – 64, including those allegations that Plaintiff was treated differently because of his race. His race was not a factor in the decision to terminate his employment. Plaintiff was terminated following the Harassment Investigation because the University determined that Plaintiff had violated the

University's sexual harassment policy. The University is entitled to an award of its attorney fees against Plaintiff pursuant to 42 U.S.C. § 2000e-5(k).

38. The University denies the allegation contained in paragraph 65 to the extent a jury trial is not allowed under applicable law.

39. In answer to paragraph 66 of Plaintiff's Complaint, the University incorporates paragraphs 1 – 38 above as if fully set forth herein.

40. The University denies the allegation contained in paragraph 67 that Plaintiff was performing his job in a satisfactory manner. As a University employee, Plaintiff was expected to comply with University policies. Plaintiff violated the University's sexual harassment policy by subjecting a student to unwelcome and nonconsensual contact and comments of a sexual nature. Therefore, Plaintiff was not performing his job in a satisfactory manner at the time he was terminated.

41. In answer to paragraph 68, the University denies the allegation regarding the date of Plaintiff's termination. Plaintiff's employment was terminated effective January 21, 2015, because the University determined that Plaintiff violated the University's sexual harassment policy.

42. The University denies the allegations contained in paragraphs 69 –73, including those allegations that Plaintiff was treated differently because of his gender. His gender was not a factor in the decision to terminate his employment. Plaintiff was terminated following the Harassment Investigation because the University determined that Plaintiff had violated the University's sexual harassment policy. The University is entitled to an award of its attorney fees against Plaintiff pursuant to 42 U.S.C. § 2000e-5(k).

43. The University denies the allegation contained in paragraph 74 to the extent a jury trial is not allowed under applicable law.

/////

Page 9 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

44. Unless expressly admitted, Defendants deny all allegations contained in Plaintiff's Complaint.

### First Affirmative Defense (Failure to State a Claim)

45. Plaintiff's Complaint, in whole or in part, fails to state ultimate facts sufficient to constitute a claim upon which relief can be granted.

### Second Affirmative Defense (Failure to Mitigate)

46. Plaintiff has failed to exercise reasonable care and diligence to mitigate alleged damages, if any. In the event that Plaintiff is successful on any of his claims, Defendants are entitled to an offset in the amount that Plaintiff could have earned in the exercise of reasonable diligence and the amount of any and all interim earnings to the date of trial.

### Third Affirmative Defense (Duplicative Remedies)

47. Plaintiff is not entitled to duplicative remedies for the same underlying actions or omissions under the claims invoked in this action.

### Fourth Affirmative Defense (Qualified Immunity)

48. Defendants Blandy, Daugherty, Bentz, Kamphaus, Baxter, Underriner, Younker and Klopotek are entitled to qualified immunity against Plaintiff's § 1983 claims.

### Fifth Affirmative Defense (Legitimate Non-Retaliatory Reasons)

49. Any actions Defendants took with respect to Plaintiff, to the extent they occurred, were for legitimate, non-discriminatory, non-retaliatory reasons.

### Sixth Affirmative Defense (Lack of Discriminatory Motive)

50. Any actions Defendants took with respect to Plaintiff, to the extent they occurred, were not motivated by Plaintiff's membership in any protected class or by any other unlawful motive.

/////

/////

**Seventh Affirmative Defense (Limitation of Damages)**

51. Any damages received by Plaintiff pursuant to Title VII are subject to legal limits and caps.

**Eighth Affirmative Defense (Failure to Exhaust)**

52. Plaintiff failed to exhaust his administrative remedies as required by Title VII.

WHEREFORE Defendants pray:

1. That Plaintiff take nothing by way of his Complaint and that it be dismissed, with prejudice;

2. That Judgment be entered in favor of Defendants for Defendants' reasonable attorney fees, costs, and disbursements incurred in defending this action; and

3. For such other relief as may be appropriate.

DATED: August 25, 2016.

                HERSHNER HUNTER, LLP

                By  */s/ Alexandra P. Hilsher*
                    **Amanda M. Walkup, OSB 934508**
                    awalkup@hershnerhunter.com
                    **Alexandra P. Hilsher, OSB 114218**
                    ahilsher@hershnerhunter.com
                    Telephone: (541) 686-8511
                    Facsimile: (541) 344-2025
                    **Of Attorneys for Defendants**