**Amanda M. Walkup, OSB 934508**
awalkup@hershnerhunter.com
**Alexandra P. Hilsher, OSB 114218**
ahilsher@hershnerhunter.com
Hershner Hunter, LLP
180 East 11th Avenue
P.O. Box 1475
Eugene, OR 97440
Telephone: (541) 686-8511
Facsimile: (541) 344-2025

**Of Attorneys for Defendants**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **CHIXAPKAID DONALD MICHAEL PAVEL**;<br><br>              Plaintiff,<br><br>    v.<br><br>**UNIVERSITY OF OREGON; DOUG BLANDY; PENELOPE DAUGHERTY; ANNIE BENTZ; RANDY KAMPHAUS; JULIET A. BAXTER; JANNE UNDERRINER; JASON YOUNKER;** and **BRIAN KLOPOTEK**;<br><br>              Defendants. | Case No. 6:16-CV-00819-AA<br><br>**DECLARATION OF AMANDA M. WALKUP IN SUPPORT OF DEFENDANTS' REPLY TO THEIR SECOND MOTION FOR SUMMARY JUDGMENT** |

I, AMANDA M. WALKUP, hereby declare:

1. I am one of the attorneys for Defendants University of Oregon, Doug Blandy, Penelope Daugherty, Annie Bentz, Randy Kamphaus, Juliet A. Baxter, Janne Underriner, Jason Younker and Brian Klopotek.

Page 1 –DECLARATION OF AMANDA M. WALKUP IN SUPPORT OF REPLY TO THEIR DEFENDANTS'SECOND MOTION FOR SUMMARY JUDGMENT
{01492736.DOCX}

2. I make this based upon my own personal knowledge and in support of Defendants' Reply in Support of Their Second Motion for Summary Judgment.

3. Attached to this declaration as Exhibit 1 are true and accurate copies of excerpts from the deposition transcript of Penelope Daugherty taken on January 25, 2017, including:

Daugherty Depo., pp. 19-20

4. Attached to this declaration as Exhibit 2 are true and accurate copies of excerpts from the deposition transcript of Doug Blandy taken on January 24, 2017, including:

Blandy Depo., pp. 28-29.

**I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand that it is made for use as evidence in court and is subject to penalty for perjury.**

DATED: September 19, 2017.

By  */s/ Amanda M. Walkup*
    **Amanda M. Walkup**

*Penelope Joan Daugherty*

*Pavel v University of Oregon, et al.*

*January 25th, 2017*



CC REPORTING AND VIDEOCONFERENCING
172 East 8th Ave
Eugene, OR 97401
541-485-0111
www.ccreporting.com

Exhibit 1
Page 1 of 7

```
             UNITED STATES DISTRICT COURT

            FOR THE DISTRICT OF OREGON

CHIXAPKAID DONALD MICHAEL       )

PAVEL,                          )

          Plaintiff,            )

    v.                          ) No. 6:16-CV-00819-AA

UNIVERSITY OF OREGON; DOUG      )

BLANDY; PENELOPE DAUGHERTY;     )

ANNIE BENTZ; RANDY KAMPHAUS;    )

JULIET A. BAXTER; JANNE         )

UNDERRINER; JASON YOUNKER; and  )

BRIAN KLOPOTEK,                 )

          Defendants.           )

                                )
```

         DEPOSITION OF PENELOPE JOAN DAUGHERTY

                 January 25, 2017

                    Wednesday

                    8:30 A.M.

     THE DEPOSITION OF PENELOPE JOAN DAUGHERTY
was taken at University of Oregon Human Resources,

677 East 12th Avenue, 4th Floor, Eugene, Oregon,

before Linda L. Cipriano, CSR, Certified Shorthand

Reporter in and for the State of Oregon.

APPEARANCES

For the Plaintiff:

DUGAN LAW OFFICES

259 East 5th Avenue, Suite 200-D

Eugene, Oregon 97401

541/338-7072

BY: MS. MARIANNE G. DUGAN

mdugan@mdugan.com

For the Defendants:

HERSHNER HUNTER LLP

180 East 11th Avenue

Eugene, Oregon 97401

541/686-8511

BY: MS. AMANDA WALKUP

awalkup@hershnerhunter.com

Also Present:

MR. MICHAEL PAVEL

(Continued)

(Continued)

Reported by:

LINDA L. CIPRIANO, CSR

CC REPORTING & VIDEOCONFERENCING

EUGENE          541/485-0111

TOLL FREE    800/344-0983

```
 1   and identified Dr. Pavel, and at that time Annie
 2   Bentz investigated?
 3        A.   Consistent with our understanding that
 4   she did not want to file a formal grievance, and
 5   consistent with our practice at that time, we did not
 6   conduct a formal investigation, but we did embark on
 7   steps, informal steps that were intended to prevent a
 8   recurrence.
 9             So it wasn't an investigation per se,
10   but Annie did embark on an informal process that
11   involved meeting with Dr. Pavel to review in a
12   general way the concerns that had been reported in an
13   attempt to protect the identity of the reporting
14   student; to review policy, applicable policy; to
15   provide guidance as to why the behavior as reported,
16   if it occurred as reported, would be at odds with our
17   policy; and to clarify then what expectations would
18   be to avoid a future recurrence.
19        Q.   So as I understand it, no written
20   discipline was issued against Dr. Pavel.
21        A.   Are we talking about 2013 still?
22        Q.   Correct.
23        A.   Okay.  Given that what we were pursuing
24   was an informal process, an informal process would
25   not result in any disciplinary action because it
```

```
 1   wouldn't result in any finding.  The intent of the
 2   informal process was to provide notice of the
 3   concern, clarification about policy, with the intent
 4   that that would prevent a future recurrence.
 5        Q.    And did the informal process result in
 6   paperwork in your office about what Ms. Bentz did?
 7        A.    I believe that yes, she had a file, and
 8   she would have had notes in that file about the steps
 9   that she took.
10        Q.    And those notes would have been from the
11   time she did the informal meeting with Dr. Pavel?
12        A.    I would expect, yes.
13        Q.    And then you said that because there had
14   been a prior informal complaint -- or I can't
15   remember if that was your exact words, but because
16   there had been a prior issue, you reported the 2014
17   complaint to that body that's no longer in existence?
18        A.    That's correct.
19        Q.    And you said that was because of the
20   policy that was then in effect?
21        A.    That's correct.
22        Q.    And what policy was that?
23        A.    It was either language in the university
24   policy 571 or the policy 580.  To tell you the truth,
25   I'm not sure which one it's in.
```

```
STATE OF OREGON      )
                     ) ss.
County of Lane       )
```

      I, Linda L. Cipriano, a Certified Shorthand Reporter for the State of Oregon, certify that the witness was sworn and the transcript is a true record of the testimony given by the witness; that at said time and place I reported all testimony and other oral proceedings in the matter; that the foregoing transcript consisting of 59 pages contains a full, true and correct transcript of the proceedings reported by me to the best of my ability on said date.

      If any of the parties or the witness requested review of the transcript at the time of the proceedings, correction pages have been inserted.

      IN WITNESS WHEREOF, I have set my hand this 2nd day of February 2017, in the City of Eugene, County of Lane, State of Oregon.

*Linda L. Cipriano*

Linda L. Cipriano, CSR

CSR No. 05-0396

Expiration date: September 30, 2018

*Doug Blandy*

*Pavel v University of Oregon, et al.*

*January 24th, 2017*



CC REPORTING AND VIDEOCONFERENCING
172 East 8th Ave
Eugene, OR 97401
541-485-0111
www.ccreporting.com

Exhibit 2
Page 1 of 6

      IN THE UNITED STATES DISTRICT COURT

        FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CHIXAPKAID DONALD MICHAEL    ) | |
| PAVEL,                            ) | |
|       Plaintiff,      ) | |
|   v.                          ) | No. 6:16-CV-00819-AA |
| UNIVERSITY OF OREGON; DOUG    ) | |
| BLANDY; PENELOPE DAUGHERTY;   ) | |
| ANNIE BENTZ; RANDY KAMPHAUS;  ) | |
| JULIET A. BAXTER; JANNE        ) | |
| UNDERRINER; JASON YOUNKER; and) | |
| BRIAN KLOPOTEK,              ) | |
|       Defendants.       ) | |

        DEPOSITION OF DOUG BLANDY

          January 24, 2017

          Wednesday, 9:54 A.M.

   THE DEPOSITION OF DOUG BLANDY was taken at University of Oregon Human Resources Office, 677 East 12th Avenue, 4th Floor, Eugene, Oregon, before Christine Oljace, CSR, RPR, CRC, Certified Shorthand Reporter in and for the State of Oregon.

Exhibit 2
Page 2 of 6

APPEARANCES

For the Plaintiff:

    DUGAN LAW OFFICES

    259 East 5th Avenue, Suite 200-D

    Eugene, Oregon  97401

    541/338-7072

    BY:  MS. MARIANNE DUGAN

    mdugan@mdugan.com

For the Defendants:

    HERSHNER HUNTER LLP

    180 East 11th Avenue

    Eugene, Oregon  97401

    541/686-8511

    BY:  MS. AMANDA WALKUP

    awalkup@hershnerhunter.com

Also Present:

    CHIXAPKAID DONALD MICHAEL PAVEL

Reported by:

    CHRISTINE OLJACE, CSR-RPR

    CC REPORTING & VIDEOCONFERENCING

    EUGENE        541/485-0111

```
 1   did I ask to be advised regarding previous cases in
 2   relationship to this case.
 3        Q.   Correct.
 4        A.   No.
 5        Q.   Okay.  So how did you know about -- did
 6   you just know about the consensual relationship
 7   because you had been involved in that?
 8        A.   Correct.
 9        Q.   Okay.  In making the decision to terminate
10   Dr. Pavel as opposed to putting him on probation or
11   some other discipline short of termination, was
12   there -- other than the physical touching which was
13   alleged, was there anything else that pushed it over
14   the edge to requiring termination or was it just
15   that touching, the touching at the Portland Art
16   Museum?
17        A.   It was that incident plus, as the
18   investigative report describes, I was aware that at
19   least on two previous occasions Professor Pavel had
20   been advised that this type of behavior is
21   inappropriate.
22        Q.   Okay.  So on at least two previous
23   occasions.  So one is when Professor Tuan told you
24   she was going to meet with him about --
25        A.   Yes.  So -- yes.  So there was that
```

```
 1   conversation, but then there was discussion of that
 2   conversation specifically in the investigative
 3   report.
 4       Q.   So when you say on at least two previous
 5   occasions he had been advised this was inappropriate
 6   behavior, those both involved Student 1?
 7       A.   Yes.
 8       Q.   So he had been -- your information was he
 9   had been advised twice, warned about the behavior
10   alleged by Student 1?  He had been warned on two
11   separate occasions?
12       A.   Correct.
13       Q.   Okay.  So one of them was the meeting with
14   Professor Tuan and Professor Rosiek?
15       A.   Uh-huh.
16       Q.   What was the other occasion?
17       A.   A meeting between Professor Pavel and
18   Annie Bentz.
19       Q.   Was there anything in writing other than
20   the affirmative action report about those two
21   meetings?
22       A.   I am not aware.
23       Q.   Did you personally interview Annie Bentz
24   or Professor Tuan or Professor Rosiek about what
25   they say they told Dr. Pavel?
```

```
 1  State of Oregon    )
                       )      ss.
 2  County of Lane     )

 3      I, Christine Oljace, CSR-RPR, a Certified

 4  Shorthand Reporter for the State of Oregon, certify

 5  that the witness was sworn and the transcript is a

 6  true record of the testimony given by the witness;

 7  that at said time and place I reported by stenotype

 8  all testimony and other oral proceedings had in the

 9  foregoing matter; that the foregoing transcript

10  consisting of 41 pages contains a full, true and

11  correct transcript of said proceedings reported by

12  me to the best of my ability on said date.

13      If any of the parties or the witness requested

14  review of the transcript at the time of the

15  proceedings, correction pages are attached.

16      IN WITNESS WHEREOF, I have set my hand this 1st

17  day of February 2017, in the City of Eugene, County

18  of Lane, State of Oregon.

19

20

21  [signature]

22  Christine Oljace, CSR-RPR

23  CSR No. 05-0397

24  Expiration Date:   September 30, 2018

25
```