IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CHIXAPKAID DONALD MICHAEL PAVEL,<br>          Plaintiff,<br><br>vs.<br><br>UNIVERSITY OF OREGON, et al.,<br>          Defendants. | Case No. 6:16-cv-00819-AA<br>**OPINION AND ORDER** |

AIKEN, District Judge:

Defendants, as prevailing parties, have filed a Bill of Costs (doc. 116) with this Court following entry of the Ninth Circuit's Mandate (doc. 115) affirming the Court's Judgement (doc. 108) dismissing this action. For the reasons set forth below, the Court GRANTS defendants' costs in part in the amount of $2,302.10.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees— should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). "Costs" taxable

under Rule 54(d) "are limited to those set forth in 28 U.S.C. §§ 1920 and 1821." *Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 885 (9th Cir. 2005), *abrogated on other grounds by Rimini Street, Inc. v. Oracle USA, Inc.*, ___ U.S. ___, 139 S. Ct. 873 (2019) (citing *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)). 28 U.S.C. § 1920, provides that the court may tax as costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Rule 54 creates a presumption in favor of awarding costs to the prevailing party. *See e.g., Ass'n of Mex.-Am. Educators v. California*, 231 F.3d 572, 592-93 (9th Cir. 2000). "[I]f a district court wishes to depart from that presumption, it must explain why so that the appellate court will be able to determine whether or not the trial court abused its discretion...[and] explain why a case is not ordinary." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003) (quotation marks and citation omitted). When exercising its discretion in to deny costs, courts may consider the following factors: (1) whether the suit was brought in the public interest, (2) the

limited financial resources of the losing party, (3) whether the suit was brought in good faith and whether the claims had merit, and (4) the chilling effect that imposing costs may have on future litigants. *Ass'n of Mex.-Am. Educators*, 231 F.3d at 591-593.

The district court, however, "needs no affirmatively expressed reason to tax costs. Rather, it need only conclude that the reasons advanced by the party bearing the burden—the losing party—are not sufficiently persuasive to overcome the presumption." *Id.* at 946. Courts are free to construe the meaning and scope of the items enumerated as taxable costs in 28 U.S.C. § 1920. *Alflex Corp. v. Underwriters Lab., Inc.*, 914 F.2d 175, 177 (9th Cir. 1990). The district court retains broad discretion to decide how much to award, if anything. *Padgett v. Loventhal*, 706 F.3d 1205, 1209 (9th Cir. 2013). Ultimately, it is "incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999) (citation omitted).

## DISCUSSION

Defendants seek $2,544.13 in costs for service of summons and subpoena, deposition transcripts, photocopies of deposition exhibits, and the costs shown on the Mandate of the Court of Appeals. Plaintiff objects, arguing that (1) the bill is untimely, (2) the transcripts were not "necessarily obtained for use in the case," and (3) because the suit was in the public interest.

Plaintiff first argues that the Bill of Costs is untimely because defendants did not seek costs until after the judgment in defendants' favor was affirmed on appeal.

Plaintiff asserts that Rule 54(d)(1) of the Federal Rules of Civil Procedure required defendants to seek costs within 14 days of the entry of the judgment. Rule 54(d) provides that a motion for attorney's fees must "be filed no later than 14 days after the entry of judgment[.]" Fed. R. Civ. P. 54(d)(2)(B). However, that rule does not govern the timeliness of a motion for costs. Instead, Rule 54(d) permits the clerk to "tax costs on 14 days' notice" and the court to "review the clerk's action" when a motion is "served within the next 7 days[.]" Fed. R. Civ. P. 54(d)(1).

Under Local Rule 54-1(a)(1), the prevailing party may file a Bill of Costs "not later than 14 days after entry of judgment or receipt and docketing of the appellate court's mandate[.]" Here, the Ninth Circuit's Mandate was docketed on July 17, 2019, and the Bill of Costs was filed on July 18, 2019. Therefore, the Bill of Costs was timely under the local rules.

Plaintiff also objects to costs related to reproducing deposition transcripts for several witnesses on the grounds that the transcripts, or portions of those transcripts, were not used at summary judgment. Plaintiff argues that any recoverable costs should be limited to transcript pages actually cited and submitted by defendants.

"[T]he presence of a deposition in the record is not a prerequisite for finding that it was necessary to take the deposition." *Frederick v. City of Portland*, 162 F.R.D. 139, 143 (D. Or. 1995). "[A] deposition need not be absolutely indispensable to justify an award of costs; rather, it must only be reasonably necessary at the time it was taken, without regard to later developments that may eventually render the deposition unneeded at the time of trial or summary disposition." *Id.*

The Court finds that defendants reasonably incurred the costs associated with plaintiff's and defendants Blandy and Daugherty's transcripts. Defendants cited portions of those transcripts in their summary judgment briefing. Further, regardless of the transcript pages cited or submitted, defendants incurred the cost of the entire transcript.

The Court cannot, however, cannot make the same finding for costs associated with Anne Bonner's deposition and transcript. Rather than demonstrating that those costs were reasonably necessary for the litigation, defendants responded: "To the extent Defendants are not entitled to the costs associated with Anne Bonner's Deposition, that cost was $242.03." Reply to Obj. (doc. 119) at 3. Because it is unclear on the record before the Court whether the compensation defendants seek was reasonably necessary for the litigation, costs are reduced by $242.03.

Finally, plaintiff's equitable objections are not sufficiently persuasive to overcome the presumption in favor of allowing defendants' costs. Plaintiff's vague objections include a "severe chilling effect" on potential civil rights plaintiffs, the disparity of resources between the parties, and the importance and merit in plaintiff's case. Plaintiff's objection is not accompanied by any documentation supporting his claim of financial hardship, nor does plaintiff explain how this case is similar to cases like *Ass'n of Mexican-American Educators*, where a $216,443.67 cost bill was denied in large part because the action had a far-reaching effect on "tens of thousands of Californians" and the record demonstrated that the plaintiffs' resources were limited, 231 F.3d at 593, or *Stanley*, where the plaintiff's suit arose from her termination and

plaintiff's objections to the defendants' bill of costs demonstrated that she had not obtained employment *at the time of the filing of the cost bill,*" which was "persuasive evidence of the possibility she would be rendered indigent should she be forced to pay $46,710.97," 178 F.3d at 1080 (emphasis added).

The presumption in favor of awarding costs is not overcome in this case. Plaintiff has offered no proof of limited resources for the bill of $2,544.13, and that amount is far less than the large sums in the aforementioned cases. Accordingly, the Court declines to exercise its discretion to deny costs.

## CONCLUSION

For the reasons stated above, defendants' Bill of Costs (doc. 116) is GRANTED in part. Costs are allowed in the amount of $2,302.10.

IT IS SO ORDERED.

DATED this 12th day of November 2019.

Ann Aiken
United States District Judge